# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cr-00239-DCN |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| MONIKA NIKKOLE BURRELL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On September 26, 2023, Defendant appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. Defendant executed a written waiver of the right to have the presiding United States District Judge take her change of plea.   Thereafter, the Court explained to Defendant the nature of the charges, the maximum penalties applicable, her constitutional rights, the effect of the Sentencing Guidelines, and that the District Judge would not be bound by any agreement of the parties as to the penalty to be imposed.   Further, the undersigned ordered a pre-sentence report.

Having conducted the change of plea hearing and having inquired of Defendant and her counsel, and counsel for the United States, the Court concludes that there is a factual basis for Defendant's plea of guilty, and that it was entered voluntarily and with full knowledge of the consequences, and that the plea should be accepted.   The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

**REPORT AND RECOMMENDATION - 1**

Because Defendant has entered a guilty plea to an offense described in subparagraph (A), (B), or (C) of 18 U.S.C. § 3142(f)(1), which triggers the mandatory detention provisions of 18 U.S.C. § 3143(a)(2), the Court heard oral argument and received evidence as to whether exceptional reasons exist under 18 U.S.C. § 3145(c) to justify Defendant's release pending sentencing.   For the reasons stated on the record, the Court finds and recommends that:

Having carefully considered the arguments of counsel and the evidence presented on the record, the Court concludes that, pursuant to 18 U.S.C. § 3145(c), (i) there is clear and convincing evidence that the Defendant is not likely to flee or pose a danger to any other person or the community, and (ii) it has been clearly shown that exceptional reasons exist why the Defendant's detention would not be appropriate.   Namely, Defendant is detained in Idaho Department of Correction (IDOC) custody and has a parole eligibility date of December 2025.   Accordingly, Defendant shall remain in IDOC custody, but be released pending sentencing in this federal case, pursuant to all conditions and requirements set forth in the Court's prior release Order or Orders.   Defendant was advised on the record that she is subject to a writ to return her to federal custody to attend her sentencing hearing.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1.     The District Court accept Defendant's plea of guilty to Count 2 of the Indictment (Dkt. 1).

2.      The District Court GRANT, at the appropriate time, the United States' motion to dismiss Counts 1, 3, and 4 of the Indictment (Dkt. 1) as to Defendant.

3.      The District Court order forfeiture consistent with Defendant's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and detailed at pages 3-5 of the Plea Agreement (Dkt. 39).

4.      The District Court order that:

        Defendant remain released pending sentencing subject to the previously imposed Conditions of Pretrial Supervision.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: **September 26, 2023**

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 3**